# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

No. 10-40276
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

OSMAN MARCOS ROSALES,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-759-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Osman Marcos Rosales appeals following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 84 months of imprisonment, to run consecutively to an 18-month revocation sentence, and three years of supervised release. He argues the 84-month sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the sentence was within the properly calculated guidelines range of 84 to 105 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The district court had before it both mitigating and aggravating factors and determined that a sentence at the low end of the guidelines range was appropriate. Rosales has not shown that the district court's balancing of these factors "represents a clear error of judgment." *Id.*; *see also Rita v. United States*, 551 U.S. 338, 359-60 (2007). He has thus failed to rebut the presumption of reasonableness that we apply to his guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

Rosales raises one additional argument, which he acknowledges is foreclosed by our precedent, to preserve for further review. He argues that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2, the illegal reentry Guideline, lacks an empirical basis. We have consistently rejected Rosales's argument, concluding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

The judgment of the district court is AFFIRMED.